UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | **Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2)** |
|---|---|
| – against – | |
| STANLEY FULLER, | 15-cr-00382 |
| Defendant. | 19-cr-021 |

**Parties:**

For United States

**Appearances:**

Lauren Howard Elbert
United States Attorney's Office, EDNY
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7577
Fax: 718-254-6076
Email: lauren.elbert@usdoj.gov

Marcia Maria Henry
U.S. Attorney's Office
Eastern District Of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6393
Fax: 718-254-6076
Email: marcia.henry@usdoj.gov

Michael P. Robotti
U.S. Attorney's Office
271 Cadman Plaza East
4th Floor
Brooklyn, NY 11201
718-254-7576
Fax: 718-254-6076
Email: michael.robotti@usdoj.gov

Erin Reid
DOJ-USAO
Eastern District of New York
271 Cadman Plaza East

Brooklyn, NY 11201
720-318-8337
Email: erin.reid@usdoj.gov

Jonathan Edgar Algor, IV
United States Attorney's Office
Eastern District of New
271 Cadman Plaza East
Brooklyn, NY 11201
(718)254-6248
Fax: (718)254-7508
Email: jonathan.algor@usdoj.gov

Nomi Danielle Berenson
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6308
Email: nomi.berenson@usdoj.gov

For Defendant

James R. Froccaro
20 Vanderventer Avenue
Suite 103W
Port Washington, NY 11050
(516) 944-5062
Fax: 516-944-5066
Jrfesq61@aol.com

James Kousouros
Law Office of James Kousouros
260 Madison Avenue
22nd Floor
New York, NY 10016
(212) 532-1934
Fax: (212)-1939
Email: james@kousouroslaw.com

Gerald J. Di Chiara
585 Stewart Avenue
Ste L-16
Garden City, NY 11530
212-679-1958
Fax: 646-307-6984
Email: jdichiarag@aol.com

**JACK B. WEINSTEIN, Senior United States District Judge:**

## Table of Contents

I. Introduction .................................................................................................................... 1

II. Offenses....................................................................................................................... 2

    A. 15-cr-382 ("2015 Indictment") ............................................................................... 2

    B. 19-cr-021 ("2019 Indictment") ............................................................................... 2

III. Guilty Plea .................................................................................................................. 2

    A. 15-cr-382............................................................................................................... 2

    B. 19-cr-021............................................................................................................... 3

IV. Sentencing Hearing..................................................................................................... 3

V. Offense Level, Criminal History Category, and Guidelines Range............................. 4

    A. Offense Level........................................................................................................ 4

        1. Stash House Enhancement – 19-cr-021 ............................................................. 4

        2. Aggravating Role Enhancement – 19-cr-021 and 15-cr-382 ............................. 5

    B. Criminal History .................................................................................................... 7

    C. Sentencing Guidelines Range ................................................................................ 7

VI. Law ............................................................................................................................. 7

VII. 18 U.S.C. § 3553(a) Considerations.......................................................................... 8

VIII. Sentence ................................................................................................................... 9

IX. Conclusion ................................................................................................................ 10

## I. Introduction

Stanley Fuller ("Fuller" or "Defendant") was a leader in a drug trafficking organization (DTO) that operated in the South Jamaica section of Queens, New York. The DTO sold substantial quantities of heroin in Queens and Long Island, New York. Fuller was charged in connection with his role in the conspiracies in two indictments—15-cr-382 and 19-cr-21—each containing a single count. The offense charged in the 19-cr-21 indictment occurred while Fuller was on pretrial release for the 15-cr-382 offense. In April 2019, he pleaded guilty to both serious crimes.

A ten-year mandatory minimum sentence is required on the 15-cr-382 indictment. For the reasons stated in the oral sentencing record and explained below, Fuller is sentenced to a term of incarceration of 10 years on the 15-cr-382 indictment, and 1 month on the 19-cr-21 indictment, consecutive. He is also sentenced to five years' supervised release on 15-cr-382, and three years' supervised release on 19-cr-21, consecutive.

## II. Offenses

### A. 15-cr-382 ("2015 Indictment")

Between November 2014 and July 2015, Fuller supplied substantial quantities of heroin to a co-defendant for distribution. PSR ¶ 15. He oversaw many aspects of the distribution, including quality control. *Id.* He was arrested in July 2015 for conspiring to distribute and possess with intent to distribute one kilogram or more of a substance containing heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(a)(i). *Id.*

### B. 19-cr-021 ("2019 Indictment")

After 672 days of pretrial incarceration, Fuller was released on May 11, 2017. The second charged violation occurred between August 2017 and November 2018. PSR ¶¶ 8-13. Alleged is that Fuller continued to supply heroin to members in the DTO and managed heroin trafficking while on pretrial release and home confinement. *Id.* He was again arrested on December 4, 2018, *Id.* ¶ 8, and charged with conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 3147. Defendant's Sentencing Memorandum ("Def. Sent. Mem.") at 2, ECF No. 637.

## III. Guilty Plea

### A. 15-cr-382

On April 4, 2019, Fuller pleaded guilty to the 2015 Indictment, which charged one count of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846, 841 (a)(1) and 841(b)(1)(A)(1). The guilty plea was accepted by the magistrate judge and again by this court.

### B. 19-cr-021

On the same day, Defendant pleaded guilty to the 2019 Indictment. Charged was that Defendant conspired to distribute and possess with intent to distribute heroin while on pretrial release, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 3147. The guilty plea was accepted by the magistrate judge and again by this court.

### IV. Sentencing Hearing

A sentencing hearing was conducted on October 10, 2019. The proceedings were videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("[An appellate court's] *de novo* review would be factually deficient without a video record of the district court's sentencing hearing").

Defendant's fiancé, son, grandson, and other family members were present. In a letter to the court, Fuller lamented the pain and suffering he has caused those affected by his unacceptable conduct. The court observed that there seemed to be a strong bond between Defendant and his family. Fuller's fiancé—his partner of more than 20 years—was overcome with emotion; she did not address the court. His fiancé's oldest son, a youth football coach and college student, spoke admiringly of the man he has come to know as a father: "He taught me a lot. He taught me how to be a man and not to do the things he's done, to provide for my family in the correct way, go to work. I actually coach football so that they don't grow up to do the same things he did and grow up the same way I did." Sent. Hr'g Tr. 20:2-7.

The government stressed the seriousness of Defendant's crime, putting it in the context of the opioid crisis gripping the nation. Further aggravating the offense, the government argued, is the fact that the offense charged in the 2019 Indictment occurred while Fuller was out on federal bail for the 2015 Indictment. Taken together, the government maintained, Defendant's conduct indicated a disregard for the law, and that the Guidelines range of imprisonment (292 to 365 months) should apply.

## V. Offense Level, Criminal History Category, and Guidelines Range

### A. Offense Level

When a defendant possesses with intent to distribute at least one kilogram but less than three kilograms of heroin, the base offense level is 30. U.S.S.G. § 2D1.1(a)(5) & (c)(5); PSR ¶¶ 15, 75; Def. Sent. Mem. at 7, ECF No. 637. The government argued that the following enhancements applied: (1) a two-level enhancement for maintaining a stash house, pursuant to U.S.S.G. § 2D1.1(b)(12); and (2) a four-level enhancement for an aggravating role, pursuant to U.S.S.G. § 3B1.1(a). Def. Sent. Mem. at 7, ECF No. 637; PSR ¶¶ 75-86.

#### 1. Stash House Enhancement – 19-cr-021

An offense is enhanced by two levels "if the defendant maintained a premise for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). According to the government and Probation, a two-level enhancement is warranted in the 19-cr-021 Indictment; the court agrees, since Fuller maintained a stash house in connection with the offense. PSR ¶ 77.

Agents with the Homeland Security Investigation ("HSI") discovered money and marijuana after a search warrant was executed on the premises at 27 South Montgomery Street, Valley Stream, New York. Def. Sent. Mem. at 12, ECF No. 637. Defendant argued that he did

4

not maintain the residence as a stash house because it was his home, where he lived with his fiancé, children and grandchildren. *Id.*

While Defendant and his family were occupants of the premises in question at the relevant time, Fuller regularly supplied his co-conspirators with heroin from his residence. *See* Gov. Sent. Mem. at 6-7, ECF No. 27; *see also* U.S.S.G. § 2D1.1(b)(12) Application Note 2 ("Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes."). This finding is sufficient to establish that the two-level enhancement pursuant to U.S.S.G. Section 2D1.1(b)(12) applies.

### 2. Aggravating Role Enhancement – 19-cr-021 and 15-cr-382

A four-level enhancement is warranted, pursuant to U.S.S.G. Section 3B1.1(a), "if the defendant was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive". Def. Sent. Mem. at 13, ECF No. 637.

The court does not find credible Defendant's claim that he was not a leader in the DTO. Phone calls involving Fuller and co-defendants intercepted by investigating agents demonstrate that he served in a leadership capacity in the DTO. Gov. Sent. Mem. at 9, ECF No.27. A November 20, 2018 call between Fuller and a co-defendant is illustrative:

> FULLER: Yo, so did anybody else check the thing?
> 
> LAMBUS: I gave it like to six people when I was talking with you.
> 
> FULLER: And what they said?

5

| LAMBUS: | Said "oh that shit was good" as soon as, that's what I said, if they keep the same, they don't fuck with it. They don't try to put more then whenever they did right there. |
|---|---|
| FULLER: | Uh-uh. |
| LAMBUS: | Then, uh, we good money. As soon as she [U/I] she's like "I feel this already" so, you know what I'm saying? |
| FULLER: | Uh-uh. |
| LAMBUS: | So, as long as they don't try to, OD with the shit you know what I'm saying? |
| FULLER: | Right. |
| LAMBUS: | I don't know whatever they did. What they do? |
| FULLER: | Nothing. They put uh... |
| LAMBUS: | That's what I'm saying. |
| FULLER: | They put, he said they put half and half. Half of the good one and half of the Pepsi. |
| LAMBUS: | Oh well if he don't do more than that, then he should be good. |

Gov. Sent. Mem. at 10, ECF No. 27.

Fuller's inquiry as to customers' satisfaction with the quality of heroin distributed by the DTO demonstrates a level of involvement that is typical of a supervisor in a narcotics trafficking conspiracy. It speaks to a larger concern with the viability and success of the DTO's operation as whole. *See United States v. Drapeau*, 121 F.3d 344 at 350 (8th Cir. 1997) (finding that where an individual makes critical, strategic and operational decisions on behalf of co-conspirators, they exhibit the characteristics associated with a leader in the conspiracy); *United States v. Yu*,

285 F. 3d 192, 200 (2d Cir. 2002) (holding that factors relevant to the determination of a defendant's role in a conspiracy include the defendant's relationship to other participants, awareness of the nature and scope of the criminal enterprise and the importance of the defendant's actions to the success of the venture). Given these factors, the aggravating role enhancement applies.

### B. Criminal History

A career offender, Fuller has numerous prior convictions. PSR ¶¶ 87-97. His criminal history score is 12. Since he was on pretrial release when he committed the offense charged in the 2019 Indictment, two points are added, raising his criminal history score to 14. *Id.* ¶¶ 97-100. His criminal history category is VI, the maximum. *Id.* ¶ 100.

### C. Sentencing Guidelines Range

Defendant's total adjusted offense level is 35. A ten-year minimum sentence on the 2015 Indictment is mandatory. He must be sentenced to a consecutive term of incarceration on the 2019 Indictment. The Guidelines imprisonment range is 292 to 365 months. *Id.* ¶ 132. The Guidelines term of supervised release is 3 to 5 years. *Id.* ¶ 135.

## VI. Law

The United States Sentencing Guidelines ("Guidelines") are advisory. *United States v. Booker*, 543 U.S. 220, 245-46 (2005). The district court "may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). The district court shall "consider all of the § 3553(a) factors to determine whether they support the sentence requested," *Gall v. United States*, 552 U.S. 38, 49-50 (2007), and "state in open court the reasons for its imposition of the particular sentence." *Id.* at 50; *see also* 18 U.S.C. § 3553(c).

If the sentencing court provides a written statement of reasons, it shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). The written statement should demonstrate that the sentencing court "'considered the parties' arguments and that it has a 'reasoned basis for exercising [its] own legal decision-making authority.'" *Cavera*, 550 F.3d at 193 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

### VII. 18 U.S.C. § 3553(a) Considerations

Fuller, age 44, was born in Queens, New York. PSR ¶ 106; Def. Sent. Mem. at 27, ECF No. 637. His parents were unmarried, and his birth was consummated as a result of a "one-night-stand." *Id.*

He was raised under significant hardship. *Id.* Fuller's earliest memories of his mother center around her drug abuse. At age 8, he first witnessed his mother smoke crack. *Id.* She was frequently absent during his childhood, engaging in prostitution to feed her drug addiction. *Id.* Her absence deprived him of the normal benefits of love and care. *Id.*

Fuller's father, an addict like his mother, died while smoking crack at home. Just a year later, when Fuller was 12, his grandfather died. *Id.* at 28. He was placed under the care of his great-grandparents, who were abusive. *Id.* at 28-29. Devoid of the stability of a positive adult presence, he turned to the same street life that destroyed his parents' lives. Alcohol and marijuana addiction consumed Fuller's life. *Id.* at 30.

In 1991, he was convicted of attempted criminal sale of a controlled substance in the third degree—his first formal contact with the criminal justice system. *Id.* ¶ 88. He cycled in and out of public schools in Queens, New York, ultimately dropping all schooling in 1992, when he was 16. *Id.* ¶ 120. In 1993, he was convicted of felony possession of cocaine with intent to

distribute. He was convicted of other crimes ranging from criminal possession of stolen property and witness tampering at ages 24, 25, 26, 29, 30, and 37. *Id.* ¶¶ 89-100.

He has spent most of his adult life in and out of prison. *Id.* ¶¶ 88-97. Despite this fact, Fuller maintains a positive relationship with his family. Three maternal half-siblings are aware of the instant offense and remain supportive. *Id.* ¶107.

His work history is good given his criminal profile. *Id.* at 31. Following his release from prison in 1998, he found full time employment as an odd job laborer in the New York metropolitan area. *Id.* Between 2010 to 2014, he was employed as a maintenance worker with Love Jones Bar and Café, in Baldwin, New York. *Id.* In 2015, before his arrest on the 2015 Indictment, he was employed at Diplomat Home Improvement Company ("DHIC"). Described by DHIC as a "responsible employee", his tenure there was by all indications successful. *Id.* As subsequent events such as his arrest on the 2015 Indictment show, the pull of the streets proved too disruptive to maintain a law-abiding life. *Id.*

## VIII. Sentence

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1).

One of the great tragedies in this case is that many people have been helped by Defendant, but he has been unable to steer himself from the destructive path that has consumed his life. Fuller took care of his mother when she was in failing health despite the fact that she was absent for most of his life. Def. Sent. Mem. at 38, ECF No. 637. He raised his fiancé's children as his own. PSR ¶110. His fiancé's oldest son, a youth football coach, is now a positive influence in the lives of many and credits Fuller for steering him in the right path. Sent. Hr'g Tr. 20:2-7. The Guidelines range of imprisonment would likely extinguish any opportunity for Fuller to help himself.

9

The Defendant is sentenced to a consecutive term of incarceration of 10 years on the 15-cr-382 indictment, and 1 month on the 19-cr-21 indictment. He is also sentenced to five years' supervised release on 15-cr-382, and three years' supervised release on 19-cr-21. By managing the wholesale distribution of heroin, Fuller was contributing to the proliferation of a drug that has destroyed countless lives and communities. *See* Jessica Houck and Latha Ganti, *A local Epidemic of Laced Heroin Causing Skin Necrosis*, National Institutes of Health (May 30, 2019), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6666922/.

It is desirable to limit the total term of incarceration to 10 years and 1 month—a term no greater than the law and protection of the public requires. Fuller will be 54-years-old after serving the incarceratory sentence now imposed. The likelihood that he will recidivate at that age is low. United States Sentencing Commission, Recidivism among Federal Offenders: A Comprehensive Overview, (Last visited Nov. 7 11:20am) https://www.ussc.gov/research/research-reports/recidivism-among-federal-offenders-comprehensive-overview (explaining that offenders are less likely like to recidivate as they age). He may be deterred, as will others, by the lengthy term of incarceration.

A $200 special assessment is imposed. A $26,311 agreed upon forfeiture is required. No fine is imposed because of Defendant's inability to pay one.

### IX. Conclusion

Respectful consideration was given to the Sentencing Commission's policy statements and all other factors listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

*Jack B. Weinstein*

Jack B. Weinstein
Senior United States District Judge

Dated: November 21, 2019
Brooklyn, New York